UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CHARLES STIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 15-45-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SHELBY COUNTY, KENTUCKY, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 2014, Charles Stivers spent ninety days in the Shelby County Detention Center on a shoplifting charge. While serving his sentence, Stivers fell off of a metal shelf in his cell and injured his left foot. He subsequently obtained counsel and filed a civil lawsuit against a number of Defendants, alleging a violation of the Eighth Amendment as well as various pendant state law claims. Mr. Stivers is now proceeding *pro se*, and he has filed a response in opposition to the Defendants' two pending motions for summary judgment. Because there is no evidence that any of the Defendants acted with deliberate indifference towards Stivers, the motions for summary judgment will be GRANTED.

**I**

**A**

The following facts have been gleaned from Mr. Stivers's initial complaint [R. 1] and his response in opposition to the Defendants' two summary judgment motions.[1] [R. 39.] During the

---

[1] Many additional facts are set forth in the Defendants' motions for summary judgment and Stivers's

summer of 2014, Charles Stivers served a ninety-day sentence in the Shelby County Detention Center.  On July 15, 2014, Stivers and a fellow inmate in an adjoining cell notified jail officials that they were cold.  [*See* R. 39 at 1.]  This was a particular problem for Stivers, who claims he suffers from medical conditions such as arthritis and neuropathy that are "exacerbated" in cold climates.  [*Id.*]  When Stivers and his fellow inmate were denied "additional blankets and/or any form of assistance," Stivers climbed up on a small metal shelving unit and attempted to close an open air vent.  [*Id.*]  Unfortunately for Stivers, the shelving unit collapsed beneath his weight and he fell to the ground, injuring his left foot.[2]  [*Id.*]  His foot ultimately proved to be fractured.  [R. 1 at 6.]

The complaint Stivers filed through counsel alleges an Eighth Amendment claim for deliberate indifference based on the fact that Stivers was not taken to see a doctor for his foot injury until July 22, 2014, and because certain medical professionals were unavailable when needed.  [*Id.*]  By contrast, Stivers's *pro se* response brief[3] suggests any Eighth Amendment violation stems not from the way his foot fracture was treated, but from the cold conditions in his jail cell as well as his alleged removal from the medical unit to the jail's general population on

---

deposition testimony, but the Court recounts here only what is necessary to resolve the two pending motions.

[2] The record indicates that, rather than fall one time in his jail cell on July 15, 2014, Mr. Stivers actually fell three times during a twenty-four hour period.  The first fall occurred on July 14, 2014, when Stivers was in the shower.  Stivers indicates that he fell out of the shower when he bent down to pick up his soap and a cup he had left on the floor.  [R. 35 at 23.]  The next fall occurred on July 15, while Stivers was unpacking his commissary supplies in cell 310.  [*Id.* at 42.]  Stivers purportedly dropped a plastic cup and tripped on it.  [*Id.*]  Then, also on July 15, Stivers fell off the shelving unit while trying to close an air vent as described above.  [*Id.* at 24-25.]  In Stivers's deposition, he testified that the only fall forming the basis for his initial complaint was the July 15 fall off the shelving unit.  [*Id.* at 38.]

[3] In January 2016, Stivers's counsel moved to withdraw, stating that Stivers would not take his advice and that communication issues had caused a breakdown in the attorney-client relationship.  [R. 24.]  United States Magistrate Judge Edward B. Atkins granted the motion to withdraw [R. 26] and ultimately also granted Stivers's request to represent himself going forward.  [R. 30.]

2

July 3, 2014.  [*See* R. 39 at 2, 4, 5.]  Defendants Southern Health Partners, Inc., and Dr. Ron Waldridge filed one motion for summary judgment [R. 34], and the remaining Defendants— referred to herein as "the Shelby County Defendants"—filed another.  [R. 36.]

**B**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Morales v. American Honda Motor Co., Inc.*, 71 F.3d 531, 535 (6th Cir. 1995) (quoting *Liberty Lobby*, 477 U.S. at 255).

**II**

The Court notes at the outset that Mr. Stivers's response in opposition to the Defendants' summary judgment motions is untimely.  Though the Court generally applies less stringent standards to evaluate a *pro se* plaintiff's filings, the Sixth Circuit has noted that "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline,

3

there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  In this case, Mr. Stivers failed to respond to either of the motions for summary judgment within the time allotted by Local Rule 7.1.  The Court then issued an order directing Stivers to show cause within twenty days why the action should not be dismissed for failure to prosecute. [R. 38.]  Stivers again failed to respond within the appropriate timeframe, instead filing a response brief three days after the Court's deadline which includes no explanation for his repeatedly dilatory behavior. [R. 39.]

Although Stivers's response is untimely, the Court recognizes its duty to liberally construe *pro se* plaintiffs' filings and, out of an abundance of caution, has considered the merits of Mr. Stivers's arguments. *See, e.g.*, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  For the reasons that follow, even if Stivers's response was not untimely, summary judgment should still be entered in favor of the Defendants.

First, Mr. Stivers wholly failed to respond to any of the Defendants' arguments regarding his claims for negligence, gross negligence, outrage, intentional infliction of emotional distress, or assault and battery. [*Compare* R. 39 *with* R. 1.]  Accordingly, Stivers is deemed to have waived any opposition to the Defendants' arguments on those counts. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (noting that a plaintiff's failure to oppose arguments raised in defendants' motion is grounds for a district court to assume that opposition to the motion is waived).

Mr. Stivers does address his Eighth Amendment deliberate indifference cause of action in his response brief, but he does so in an interesting way.  As noted above, there is a discrepancy between the theory set forth in Stivers's complaint—that the Defendants were deliberately indifferent to Stivers in their treatment of his July 15 fall and foot fracture—and the theory

4

presented by Stivers in his response brief.  Stivers's response indicates as follows:

> [T]he purported deprivation arises not out of the inadequate medical care received by the Plaintiff while incarcerated but rather can be more broadly defined by the indifference shown by officials at the jail and their seemingly arbitrary and capricious removal of Mr. Stivers from within the medical unit which was both the actual and proximate cause of his injury in that but for Mr. Stivers being removed from the medical unit on or about July 3, 2014 he would have necessarily not found himself housed in the general population and thereby would not have been subject to the cold conditions within his cell that necessarily precipitated his fall on or about July 15, 2014.

[R. 39 at 2.]  The response goes on to explain:

> In short, the analysis of the Plaintiff's Eight[h] Amendment deprivation claim turns not upon the sufficiency of the medical treatment he received following his sustaining injury but whether or not the staff was deliberately indifferent in both removing him from the medical unit on or about July 3, 2014 without sufficient cause despite being patently aware of his ongoing medical conditions and whether such indifferent was ongoing insofar as on July 15, 2014 when being asked by both Mr. Stivers and a fellow inmate within an adjoining cell to either provide additional blankets and/or alternatively lessen the flow of cool air into the cell all such requests were summarily denied by the staff of the detention center thereby, prompting Mr. Stivers to undertake closure of the vent during the course of which he sustained the injuries at issue in this case.

[*Id.* at 2-3.]

This shift in theory is puzzling, particularly in light of Stivers's deposition testimony. During his December 2015 deposition, Stivers plainly testified that the crux of his complaint was that he should have received different medical treatment for his foot injury.  [R. 35 at 37.]  He mentioned nothing about the Defendants' failure to provide blankets or change the temperature of his cell in connection with his Eighth Amendment claim.  [*See id*. at 1-55.]  And he did not declare or otherwise insinuate that he wished to sue the Defendants because of their failure to house him in a medical cell.  [*Id.*]  In light of the language of the complaint and Stivers's lengthy deposition testimony, his response to the Defendants' summary judgment motions appears to be either an attempt to raise new claims or to significantly modify his existing ones.

5

The Sixth Circuit has repeatedly found that a non-moving plaintiff may not raise new claims for the first time in response to an opposing party's summary judgment motion. *See Tucker v. Union of Needletrades, Ind. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005); *see also Desparois v. Perrysburg Exempted Village School District*, 455 F. App'x 659, 666 (6th Cir. 2012) ("[A] plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion."). Allowing a plaintiff to do so would "subject defendants to unfair surprise." *Tucker*, 407 F.3d at 788 (citing *Guiffre v. Local Lodge No. 1124*, 940 F.2d 660 (6th Cir. 1991) (refusing to hear claims raised for the first time in response to a summary judgment motion, because "the defendants had no opportunity to investigate them when they conducted their own discovery")). Accordingly, the appropriate avenue for a non-moving plaintiff to bring any new allegations before the Court at the summary judgment stage is a motion to amend the complaint. *See Desparois*, 455 F. App'x at 666.

Stivers's response does contain a brief request to amend his complaint to bring it into conformity with his new theories. [*See* R. 39 at 5 (arguing he "should be afforded an opportunity to amend his complaint to more accurately reflect the true nature of his claims with particularly specificity concerning the purported deprivation of his constitutional rights"). However, the Court need not grant his request to amend. Pursuant to Federal Rule of Civil Procedure 15(a), motions for leave to amend should be freely granted so long as there is not (1) undue delay; (2) bad faith; (3) undue prejudice to the opposing party; or (4) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In this circumstance, the Court arguably risks undue delay, undue prejudice to the Defendants, and futility of amendment if Stivers's passing request to amend were to be granted.

As for the timing of the request to amend, Stivers first filed this lawsuit in July 2015. [R.

6

1.] A scheduling order was issued in August 2015, which required Mr. Stivers to file any motions for leave to amend his complaint by December 1, 2015. [*See* R. 12 at 3.] In light of this, the request to amend is more than one year delayed. Further, the facts which form the basis of Stivers's new allegations and/or theories were known to him at the time the original complaint was filed. This is not a situation where Stivers was somehow prevented from alleging his new claims until recently. Instead, he knew about them at the time the complaint was filed and when his deposition was taken. The Court does not know why he refused to raise the ideas until now, but that refusal constitutes an undue delay. *See Sherman v. Ludington*, 969 F.2d 1216 (6th Cir. 1992) (explaining that a district court need not allow a plaintiff to amend his complaint at the summary judgment stage when the facts forming the basis for any new claims were "known to him from the time the original complaint was filed and should have been apparent from the outset.").

Moreover, allowing Stivers to amend his complaint after the close of discovery and on the basis of a late-filed response brief would potentially cause undue prejudice to the Defendants, who have been subject to this litigation now for quite some time. And Stivers's amendments would also likely be futile. While Stivers did not submit a proposed amended complaint, his response brief hints at the new allegations. Significantly, Stivers has not presented any evidentiary support for his Eighth Amendment allegations under either the theory espoused in his initial complaint or the new theories set forth in his response brief. To succeed on an Eighth Amendment claim for deliberate indifference to serious medical needs, a plaintiff must prove more than mere negligence on behalf of prison authorities. *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, a prison official will be liable only when he or she "knows of and disregards an excessive risk to inmate health or

safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Put another way, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Throughout the duration of this lawsuit, Mr. Stivers simply has presented no evidence demonstrating the merits of his claims. While he testified in his deposition that he suffers from peripheral neuropathy and arthritis [R. 35 at 6, 16], he has put forth no proof that either of those chronic illnesses posed an "excessive risk" to his health or safety that any of the Defendants intentionally disregarded. *See Farmer*, 511 U.S. at 837. He never mentions the applicability of the qualified immunity defense, to which numerous Defendants contend they are entitled. [*See* R. 36-1 at 10-12.] On the whole, Stivers has simply failed to present any evidence at all rebutting the arguments set forth in the Defendants' two summary judgment motions.

Ultimately, while the Court must apply "less stringent standards" when determining whether *pro se* pleadings state a claim upon which relief may be granted, "*pro se* plaintiffs are not automatically entitled to take every case to trial." *Pilgrim*, 92 F.3d at 416. The Sixth Circuit has made clear that "the lenient treatment generally accorded to *pro se* litigants has limits." *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). In this case, Mr. Stivers has reached the limits. He initially failed to respond to the summary judgment motions altogether and, upon response, asserts theories never presented in the complaint or throughout discovery. Based on the evidence in the record, no genuine issues of material fact exist, and the Defendants are entitled to summary judgment.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Motion for Summary Judgment filed by Southern Health Partners, Inc., and Dr. Ron Waldridge [R. 34] is **GRANTED**;

2. The Motion for Summary Judgment filed by the Shelby County Defendants [R. 36] is also **GRANTED**;

3. The Shelby County Defendants' Motion to Strike the Plaintiff's Response [R. 41] is **DENIED AS MOOT**; and

4. Final judgment shall be entered contemporaneously herewith.

This the 30th day of January, 2017.

Gregory F. Van Tatenhove
United States District Judge